**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| MICHAEL KATES, | : <br> : <br> : Civ. Action No. 2:25-CV-05233 |
| Plaintiff, | : |
| v. | : <br> : |
| NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK | : <br> : <br> : |
| Defendant. | : <br> : |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, National Railroad Passenger Corporation d/b/a Amtrak ("Defendant" or "Amtrak"), by and through its undersigned counsel, hereby answers the Amended Complaint filed by Plaintiff Michael Kates ("Plaintiff"), denying each and every averment except as to those expressly admitted below.

### NATURE OF THE ACTION

1. Defendant admits only that Plaintiff purports to bring claims for age discrimination and negligent infliction of emotional distress under the Age Discrimination in Employment Act and the Delaware Discrimination in Employment Act. Defendant denies the remaining averments in Paragraph 1 of the Complaint.

### THE PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment regarding Plaintiff's age and, on that basis, the averment is denied. The remaining averments in Paragraph 2 of the Complaint are denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3 of the Complaint and, on that basis, the averments are denied.

4. Defendant admits the averments in Paragraph 4 of the Complaint.

5. Defendant admits the averments in Paragraph 5 of the Complaint.

6. Defendant admits the averments in Paragraph 6 of the Complaint.

7. The averments in Paragraph 7 refer to Exhibit A to the Complaint, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therein is denied.

8. Defendant admits only that Plaintiff was last assigned to work in Amtrak's Consolidated National Operations Center (CNOC) in Wilmington, Delaware. The remaining averments in Paragraph 8 of the Complaint are denied.

## JURISDICTION AND VENUE

9. The averments in Paragraph 9 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

10. The averments in Paragraph 10 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

11. The averments in Paragraph 11 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

12. The averments in Paragraph 12 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

13. The averments in Paragraph 13 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14 of the Complaint and, on that basis, the averments are denied.

15. Defendant admits only that Plaintiff filed a Charge of Discrimination against Amtrak with the EEOC and that the Charge No. is 530-2024-09259. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 15 of the Complaint and, on that basis, the averments are denied.

16. Defendant admits the averments in Paragraph 16 of the Complaint.

17. The averments in Paragraph 17 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

18. The averments in Paragraph 18 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

## THE FACTS

19. Defendant admits only that Plaintiff was hired by Amtrak in 1986. The remaining averments in Paragraph 19 of the Complaint are denied.

20. Defendant admits the averments in Paragraph 20 of the Complaint.

21. Defendant admits the averments in Paragraph 21 of the Complaint.

22. Defendant admits only that Plaintiff purports to describe the job duties of a Crew Management Representative. The remaining the averments in Paragraph 22 of the Complaint are denied.

23. Defendant admits only that Plaintiff assumed the role of Senior Director Crew Management. The remaining averments in Paragraph 23 of the Complaint are denied.

24. Defendant denies the averments in Paragraph 24 of the Complaint.

25. Defendant denies the averments in Paragraph 25 of the Complaint.

26. Defendant denies the averments in Paragraph 26 of the Complaint.

27. Defendant denies the averments in Paragraph 27 of the Complaint.

28. Defendant denies the averments in Paragraph 28 of the Complaint.

29. The averments in Paragraph 29 of the Complaint refer to Amtrak's 2023 Annual Diversity Report, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therein is denied.

30. Defendant admits only that Amtrak expected employees, including Kates, to support inclusive environments. The remaining averments in Paragraph 30 of the Complaint are denied.

31. Defendant admits only that Plaintiff was promoted during his employment with Amtrak. The remaining averments in Paragraph 31 of the Complaint are denied.

32. Defendant denies the averments in Paragraph 32 of the Complaint.

33. Defendant admits only that Plaintiff received an Award of Excellence. The remaining averments in Paragraph 33 of the Complaint are denied.

34. Defendant denies the averments in Paragraph 34 of the Complaint.

35. Defendant admits only that Plaintiff was disciplined for violating Amtrak policy. The remaining averments in Paragraph 35 of the Complaint are denied.

36. Defendant admits only that Plaintiff was disciplined for violating Amtrak policy. The remaining averments in Paragraph 36 of the Complaint are denied.

37. Defendant admits only that Plaintiff was disciplined for violating Amtrak policy. The remaining averments in Paragraph 37 of the Complaint are denied.

38. Defendant denies the averments in Paragraph 38 of the Complaint.

39. Defendant denies the averments in Paragraph 39 of the Complaint.

40. The averments in Paragraph 40 refer to Exhibit B to the Complaint, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therein is denied.

41. Defendant denies the averments in Paragraph 41 of the Complaint.

42. Defendant admits only that, in 2019, an Amtrak employee reported that Plaintiff made her uncomfortable in a meeting. The remaining averments in Paragraph 42 of the Complaint are denied.

43. The averments in Paragraph 43 refer to Exhibit C to the Complaint, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therein is denied. The remaining averments in Paragraph 43 of the Complaint are denied.

44. Defendant denies the averments in Paragraph 44 of the Complaint.

45. Defendant denies the averments in Paragraph 45 of the Complaint.

46. Defendant denies the averments in Paragraph 46 of the Complaint.

47. Defendant denies the averments in Paragraph 47 of the Complaint.

48. Defendant admits the averments in Paragraph 48 of the Complaint.

49. Defendant denies the averments in Paragraph 49 of the Complaint.

50. Defendant denies the averments in Paragraph 50 of the Complaint.

51. Defendant denies the averments in Paragraph 51 of the Complaint.

52. Defendant denies the averments in Paragraph 52 of the Complaint.

53. Defendant denies the averments in Paragraph 53 of the Complaint.

54. Defendant denies the averments in Paragraph 54 of the Complaint.

55. Defendant denies the averments in Paragraph 55 of the Complaint.

56. Defendant denies the averments in Paragraph 56 of the Complaint.

57. Defendant denies the averments in Paragraph 57 of the Complaint.

58. Defendant denies the averments in Paragraph 58 of the Complaint.

## COUNT I
### ADEA- Age Discrimination

59. Defendant incorporates by reference its responses to Paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60. Defendant denies the averments in Paragraph 60 of the Complaint.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment regarding Plaintiff's age and, on that basis, the averment is denied. The remaining averments in Paragraph 61 of the Complaint are denied.

62. Defendant denies the averments in Paragraph 62 of the Complaint.

63. Defendant admits only that it terminated Plaintiff's employment. The remaining averments in Paragraph 63 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

64. Defendant denies the averments in Paragraph 64 of the Complaint.

65. Defendant denies the averments in Paragraph 65 of the Complaint.

66. Defendant denies the averments in Paragraph 66 of the Complaint.

67. Defendant denies the averments in Paragraph 67 of the Complaint.

**WHEREFORE**, Defendant denies the allegations, claims, and prayers for relief in the Complaint, and respectfully requests that judgment be entered in its favor and against Plaintiff and that Defendant be awarded its costs and disbursements in this action, including reasonable attorneys' fees and such other relief as the Court deems just and proper.

## COUNT II
### DDEA- Age Discrimination

68. Defendant incorporates by reference its responses to Paragraphs 1 through 67 of the Complaint as though fully set forth herein.

69. Defendant denies the averments in Paragraph 69 of the Complaint.

70.     Defendant denies the averments in Paragraph 70 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies the allegations, claims, and prayers for relief in the Complaint, and respectfully requests that judgment be entered in its favor and against Plaintiff and that Defendant be awarded its costs and disbursements in this action, including reasonable attorneys' fees and such other relief as the Court deems just and proper.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendant reserves the right to amend this Answer and assert additional affirmative or other defenses based upon information obtained during pretrial discovery in this action.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant acted at all times in good faith and for legitimate and nondiscriminatory reasons.

## THIRD DEFENSE

Defendant's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

## FOURTH DEFENSE

To the extent the wrongful acts alleged in the Complaint are true, they are attributable to individuals acting outside the scope of their employment with Defendant.

## FIFTH DEFENSE

To the extent that Plaintiff has made averments in the Complaint or attempts to assert claims which relate to alleged acts of alleged discrimination or retaliation not encompassed within

a charge filed with and investigated by the Equal Employment Opportunity Commission ("EEOC") or any appropriate state or local agency, these claims and/or events are not properly before the Court, jurisdictionally or otherwise.

### SIXTH DEFENSE

Defendant did not violate any duty to, or right of, Plaintiff.

### SEVENTH DEFENSE

Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Defendant.

### EIGHTH DEFENSE

Plaintiff is not entitled to recover some or all of the damages alleged. Plaintiff's claims for relief are limited by the statutory limitations on damages. Plaintiff's claims for punitive damages are unconstitutional and inconsistent with the law. Furthermore, any claims for punitive damages are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff's rights, and are not wanton or willful actions by Defendant.

### NINTH DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by his own acts, omissions, or conduct. In addition, if any damages have resulted for which Defendant is held liable, Plaintiff failed, in whole or in part, to mitigate his damages.

### TENTH DEFENSE

Defendant asserts that Plaintiff was, at all material times, an at-will employee of Defendant and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to the doctrines of waiver, estoppel, laches, unclean hands, after-acquired evidence, set-off, and/or other equitable defenses.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because all actions of Defendant were proper, privileged, justified, and undertaken in good faith.

**THIRTEENTH DEFENSE**

Plaintiff's claims for emotional distress damages are preempted, in whole or in part, by the Federal Employer's Liability Act.

**FOURTEENTH DEFENSE**

Plaintiff's claims are preempted, in whole or in part, by the Railway Labor Act.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the provisions of applicable federal regulations governing Plaintiff's employment.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**SEVENTEENTH DEFENSE**

Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages to the extent that Plaintiff seeks redress for physical and/or emotional injuries arising from preexisting physical or mental conditions.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff and that Defendant be awarded its costs and disbursements in this action, including reasonable attorneys' fees and such other relief as the Court deems just and proper.

                                  Respectfully submitted,

                                  **JACKSON LEWIS P.C.**

                                  */s/ Renee N. Smith*
                                  Renee N. Smith (PA 65866)
                                  Erica A. Shikunov (PA 316841)
                                  Three Parkway
                                  1601 Cherry Street, Suite 1350
                                  Philadelphia, PA  19102
                                  renee.smith@jacksonlewis.com
                                  erica.shikunov@jacksonlewis.com
                                  *Attorneys for Defendant*

Date: November 4, 2025

## **CERTIFICATE OF SERVICE**

I, Renee N. Smith, hereby certify that on this 4th day of November 2025, a true and correct copy of the foregoing ***Defendant's Answer to Plaintiff's Amended Complaint*** has been filed electronically and was served via the Court's ECF System upon the following counsel of record:

Michael Fortunato, Esquire
Rubin, Fortunato & Harbison P.C.
1200 Liberty Ridge Drive, Suite 220
Wayne, PA 19087

*Attorneys for Plaintiff*

**JACKSON LEWIS P.C.**

*/s/Renee N. Smith*
Renee N. Smith, Esquire
Erica A. Shikunov, Esquire

4935-5591-3335, v. 1